ROGER SCOTT HOOTS Petitioner v. MIKE ROBERTSON, COMMISSIONER OF THE STATE OF NORTH CAROLINA, DEPARTMENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES, Respondent

No. COA10-1119

(Filed 2 August 2011)

**Motor Vehicles—driving while impaired—refusal to submit to chemical analysis—suspension of driving privileges proper**

The trial court erred in reversing the suspension of petitioner's driving privileges by the Division of Motor Vehicles. There was evidence in the record supporting the finding that petitioner refused to submit to a chemical analysis and the trial court was bound by this finding. The affidavit of Trooper Campbell complied with the provisions of N.C.G.S. § 20-16.2(c1).

Appeal by Respondent from order entered 26 May 2010 by Judge Vance Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 13 April 2011.

*No brief filed for petitioner.*

*Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for respondent.*

STEELMAN, Judge.

Where there was evidence in the record supporting Hearing Officer Campbell's finding that petitioner's refusal to submit to a

chemical analysis occurred at 3:47 a.m. on 13 June 2009, the trial court was bound by this finding. The affidavit of Trooper Campbell complied with the provisions of N.C. Gen. Stat. § 20-16.2(c1) (2009) and the trial court erred in reversing the suspension of petitioner's driving privileges by the Division of Motor Vehicles.

## I. Factual and Procedural Background

Early in the morning of 13 June 2009, Trooper R.O. Campbell (Trooper Campbell) of the North Carolina Highway Patrol observed a vehicle failing to maintain lane control on U.S. Highway 311. Suspecting that the driver was impaired, Trooper Campbell stopped the vehicle. Trooper Campbell then administered the Horizontal Gaze Nystagmus test and an Alco-sensor test to determine whether the driver, Roger Scott Hoots (petitioner), was driving while impaired. Both tests were positive and petitioner was arrested for driving while impaired. Trooper Campbell took petitioner to Archdale for adminis-tration of an Intoximeter test. Trooper Campbell advised petitioner of his rights, pursuant to N.C. Gen. Stat. § 20-16.2(a), and requested that he submit to a chemical analysis of his breath. After three attempts, petitioner failed to provide a valid breath sample to the Intoximeter. Trooper Campbell marked box fourteen on form DHHS 3907 (Affidavit and Revocation Report), indicating that petitioner had will-fully refused to submit to a chemical analysis. This refusal was noted as occurring at 3:45 a.m. on form DHHS 4081 (Rights of Person Requested to Submit to a Chemical Analysis). The Intoximeter test ticket, DHHS 4082, however, registered petitioner's third failed attempt as occurring at 3:47 a.m.

Subsequently, a hearing was held before Hearing Officer G.M. Campbell (H.O. Campbell) to determine whether Hoots' license should be suspended for refusal to submit to a chemical analysis pur-suant to N.C. Gen. Stat. § 20-16.2(d). Trooper Campbell testified that the refusal had occurred at 3:47 a.m., not 3:45 a.m., and that he had made an error in his paperwork.

H.O. Campbell found that the refusal took place at 3:47 a.m. and not 3:45 a.m.. He noted that the time was correctly recorded on form DHHS 4082, the "test ticket", which was attached to the affidavit. H.O. Campbell found that all the elements of N.C. Gen. Stat. § 20-16.2(c1) had been met and upheld the revocation of petitioner's license.

Petitioner filed a Petition for Review of Administrative Ruling in Randolph County Superior Court. Prior to hearing in Randolph

County, petitioner filed a Motion for Summary Judgment alleging that the Trooper's affidavit was not properly executed prior to revocation of his driver's license in violation of N.C. Gen. Stat. § 20-16.2(d). On 3 May 2010, the trial court granted this motion, concluding that the affidavit was not properly executed because "the time listed for the refusal on the affidavit was 3:45 a.m., two minutes prior to the time listed for the refusal on the Intoximeter test ticket."

Respondent appeals.

## II. Analysis

Respondent contends the trial court erred in holding a clerical error on a law enforcement officer's affidavit under N.C. Gen. Stat. § 20-16.2(d) divests the division of motor vehicles of its authority to suspend the driving privileges of a person who has willfully refused to submit to a chemical analysis when charged with an implied consent offense, as is required by the statute, where the error does not involve an element of the offense of willful refusal. We agree.

### A. Standard of Review

"The superior court review shall be limited to whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner committed an error of law in revoking the license." N.C. Gen. Stat. § 20-16.2(e). Questions of statutory interpretation of a provision of the Motor Vehicle Laws of North Carolina are questions of law and are reviewed *de novo* by this Court. *In re D.S.*, 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010).

### B. Inconsistent Attachments to Trooper's Affidavit

N.C. Gen. Stat. § 20-16.2(c1) outlines the procedure for reporting results and refusals of chemical analysis tests to the Division of Motor Vehicles. N.C. Gen. Stat. § 20-16.2 (2009). The statute provides that when a person refuses to submit to a chemical analysis, the officer and chemical analyst should go before the proper official to execute an affidavit stating "[t]he results of any tests given or that the person willfully refused to submit to a chemical analysis." N.C. Gen. Stat. § 20-16.2(c1)(5). After receiving a "properly executed affidavit[,]" the Division must notify the person charged that their license to drive is revoked for twelve months. N.C. Gen. Stat. § 20-16.2(d).

Trooper Campbell's clerical error on form DHHS 4081 did not render the affidavit improperly executed. First, the Superior Court was

limited in its review of H.O. Campbell's decision to "whether there is sufficient evidence in the record to support [H.O. Campbell's] findings of fact and whether the conclusions of law are supported by the findings of fact and whether [H.O. Campbell] committed an error of law in revoking the license." N.C. Gen. Stat. § 20-16.2(e). Trooper Campbell's affidavit had two attachments, forms DHHS 4081 and 4082. Form 4081 showed the refusal took place at 3:45 a.m. form 4082 showed the refusal took place at 3:47 a.m. Trooper Campbell testified that he made an error in his paperwork. H.O. Campbell resolved the conflict between the two attachments, by ruling that the refusal occurred at 3:47 a.m. There was sufficient evidence in the record to support H.O. Campbell's finding that the refusal took place at 3:47 a.m. The Superior Court was bound by H.O. Campbell's finding that the refusal took place at 3:47 a.m. and erred by holding the affidavit was not properly executed.

Further, N.C. Gen. Stat. § 20-16.2(c1) requires that the affidavit of the charging officer state whether the person charged "willfully refused to submit to chemical analysis." N.C. Gen. Stat. § 20-16.2(c1)(5). Nowhere in the statute does it require that the time of refusal be set forth in the affidavit. All that is required is that the fact of the refusal be stated in the affidavit. *Id.* The statutory requirements were met by the affidavit, which stated that petitioner "willfully refused to submit to a chemical analysis."

Before the trial court, petitioner relied upon *Lee v. Gore* to support his argument that the affidavit was not "properly executed." *Lee v. Gore*, ___ N.C. App. ___, ___, 698 S.E.2d 179, 186 (2010), *writ of supersedeas granted*, ___ N.C. ___, ___, 702 S.E.2d 215 (2010), *temporary stay granted*, ___ N.C. ___, 702 S.E.2d 216 (2010). In *Lee*, the issue was whether the officer properly executed the affidavit. The officer did not check box fourteen on the Affidavit and Revocation Report to indicate that the driver willfully refused to submit to a chemical analysis. *Id.* at ___, 698 S.E.2d at 180-81. Thus, the affidavit in *Lee* did not meet the requirement of N.C. Gen. Stat. § 20-16.2(c1)(5) and was not properly executed. *Id.* at ___, 698 S.E.2d at 188.

In the instant case, box fourteen on the Affidavit and Revocation Report was checked, indicating petitioner willfully refused to submit to a chemical analysis. The affidavit was properly executed in accordance with N.C. Gen. Stat. § 20-16.2(c1) because the statute does not require that the affidavit state when the refusal took place, only that there was in fact a refusal. By virtue of a properly executed affidavit, the Division of Motor Vehicles was empowered to suspend the driving

privileges of petitioner. N.C. Gen. Stat. § 20-16.2(d). The trial court erred by granting summary judgment for petitioner due to the clerical error made on the DHHS 4081, and the order must be reversed and remanded to the Superior Court for disposition in accordance with this opinion.

REVERSED and REMANDED.

Judges STEPHENS and HUNTER, JR. concur.