An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1091
NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

BILLY ALSTON THOMPSON,
        Petitioner-Appellee,

v.                                        Halifax County
                                          No. 12 CVS 231
EUGENE A. CONTI, JR., SECRETARY
NORTH CAROLINA DEPARTMENT OF
TRANSPORTATION,
        Respondent-Appellant.


Appeal by Respondent from judgment entered 27 August 2012 and order entered 23 July 2013 by Judge Alma L. Hinton in Superior Court, Halifax County. Heard in the Court of Appeals 4 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Carrie D. Randa, for Respondent-Appellant.*

> *Chichester Law Office, by Geoffrey P. Davis and Gilbert W. Chichester, for Petitioner-Appellee.*


McGEE, Judge.


Billy Alston Thompson ("Petitioner") filed a complaint against Eugene A. Conti, Jr., Secretary of North Carolina Department of Transportation, ("Respondent") on 28 February

2012. Petitioner alleged that he was arrested and charged with driving while impaired on or about 6 August 2011. Petitioner further alleged that "Respondent notified Petitioner that his driving privilege would be suspended effective August 26, 2011, until August 26, 2012, for refusing a chemical test[.]"

Petitioner requested an administrative hearing before the Division of Motor Vehicles ("DMV"), which was conducted on 2 February 2012. The DMV administrative hearing officer upheld the suspension of Petitioner's driving privileges. Petitioner thereafter filed a petition for a hearing in superior court, pursuant to N.C. Gen. Stat. § 20-16.2(e) (2013). The superior court heard Petitioner's petition on 21 August 2012 and reversed the decision of the DMV. Respondent appeals and argues that the superior court erred in reversing the decision of the DMV.

## I. Standard of Review

"Questions of statutory interpretation of a provision of the Motor Vehicle Laws of North Carolina are questions of law and are reviewed *de novo* by this Court." *Hoots v. Robertson*, 214 N.C. App. 181, 183, 715 S.E.2d 199, 200 (2011). "The superior court review shall be limited to whether there is sufficient evidence in the record to support the Commissioner's findings of fact and whether the conclusions of law are supported by the findings of fact and whether the Commissioner

committed an error of law in revoking the license." *Id.*

## II. Analysis

This appeal arises from a revocation proceeding under N.C.G.S. § 20-16.2, "which authorizes a civil revocation of the driver's license when a driver has willfully refused to submit to a chemical analysis." *Steinkrause v. Tatum*, 201 N.C. App. 289, 292, 689 S.E.2d 379, 381 (2009), *aff'd per curiam*, 364 N.C. 419, 700 S.E.2d 222 (2010).[1] N.C.G.S. § 20-16.2 "provides for a civil hearing at which the driver can contest the revocation of her driver's license." *Id.* at 292, 689 S.E.2d at 381. Pursuant to N.C. Gen. Stat. § 20-16.2(d) (2009), the hearing is limited to consideration of whether:

> (1) The person was charged with an implied-consent offense or the driver had an alcohol concentration restriction on the driver[']s license pursuant to G.S. 20-19;
>
> (2) A law enforcement officer had reasonable grounds to believe that the person had committed an implied-consent offense or violated the alcohol concentration restriction on the driver[']s license;
>
> (3) The implied-consent offense charged involved death or critical injury to another person, if this allegation is in the affidavit;
>
> (4) The person was notified of the person's

---

[1] Although this Court in *Steinkrause* analyzed the 2005 version of N.C.G.S. § 20-16.2, and that statute has been amended four times since 2005, the portions of the statute relevant to this appeal remain unchanged.

rights as required by subsection (a); and

(5) The person willfully refused to submit to a chemical analysis.

N.C. Gen. Stat. § 20-16.2(d) (2009).[2] Subsection (3) of the above statute is inapplicable to the present case because death or critical injury to another person was not alleged in the affidavit.

The superior court in this case reversed the decision of the DMV and concluded that: (1) "there is insufficient evidence in the record to support Respondent's findings of fact;" (2) "Respondent's conclusions of law are not therefore supported by Respondent's findings of fact;" and (3) "Respondent did commit an error of law by revoking Petitioner's license to operate a motor vehicle pursuant to N.C.G.S. 20-16.2(d)."

Respondent contends that there was adequate evidence in the record to support the findings of fact in the DMV decision. DMV made the following findings in its order upholding the revocation of Petitioner's driving privilege:

1. Trooper Davis was on routine patrol when he received a call from Communications to respond to an accident on State Road 1003 [n]ear Scotland Neck North Carolina Halifax

_____

[2] Our General Assembly amended this statute in 2011. *See* 2011 N.C. Sess. Laws ch. 119 § 1. The amendment "applies to offenses committed on or after" 1 December 2011. 2011 N.C. Sess. Laws ch. 119 § 3. We apply the previous version of this statute because the offense in the present case was committed on 6 August 2011.

County.

2. Trooper Davis found a truck overturned upon his arrival several people standing around and EMS on the scene.

3. Trooper Davis spoke with [P]etitioner and was advised he was driving the vehicle.

4. [P]etitioner was out of the vehicle and did not have on a shirt or any shoes, and his clothes were very soiled.

5. Trooper Davis also spoke with the witnesses and EMS who advised him that [] Petitioner was the driver of the vehicle.

6. [P]etitioner refused to be transported to the hospital.

7. Trooper Davis observed [P]etitioner had red glassy eyes and a strong odor of alcohol upon his breath and person.

8. [P]etitioner was very unsteady.

9. Trooper Davis asked [P]etitioner to perform several Field Sobriety Tests and [P]etitioner failed all tests.

10. Trooper Davis asked [P]etitioner what he had to drink after smelling the strong odor of alcohol on his breath and [P]etitioner replied 1 drink and 1 mix drink.

11. Trooper Davis did not notice any disabilities about the customer.

12. Trooper Davis received two breath samples from the Alco Sensor which were positive.

13. Trooper Davis arrested [P]etitioner and transported him to the Halifax County Sheriff's Department and charged him with DWI.

14. The person was notified of his rights both orally and in writing.

15. [P]etitioner did not sign the rights form because he was handcuffed.

16. [P]etitioner had two witnesses present the entire time.

17. [P]etitioner did not wish to call a witness or an attorney.

18. [P]etitioner's father tried to call an attorney.

19. Trooper Davis set the Intox EC/IR II of one time and [P]etitioner refused to submit to any test after being told by his father not to submit who was present the entire time.

20. [P]etitioner was not present and did not testify.

21. The two witnesses were not present for this hearing.

Petitioner counters that the "evidence as presented in the record is at variance with that of the exhibits and the order and moreover, with the testimony actually elicited at the hearing, that the [DMV's] findings of fact" are "necessarily not supported."

The variance to which Petitioner refers is the name of the law enforcement officer who testified at the administrative hearing in this case. The DMV hearing transcript identifies a "Trooper Tommy Davis" as a witness. However, an exhibit titled

"Intox EC/IR-II: Subject Test" lists a "Davis, Tare L." as the analyst's name. Petitioner alleges that a document titled "Affidavit and Revocation Report" is signed by "Tare L Davis." We note that the document so titled in the record is illegible.

## A. Evidence That Petitioner Was Charged With An Implied-Consent Offense

As to the first requirement in N.C.G.S. § 20-16.2(d), Respondent points to the following as sufficient evidence: (1) testimony at the administrative hearing on 2 February 2012 that Petitioner was placed "under arrest for DWI[;]" and (2) a law enforcement officer swore in an affidavit that Petitioner was charged with an implied-consent offense. As noted above, the affidavit in the record is illegible. However, the testimony at the administrative hearing is sufficient evidence that Petitioner was charged with an implied-consent offense. Petitioner's argument is based solely on the discrepancies as to the spelling of a law enforcement officer's name. However, N.C.G.S. § 20-16.2(d) contains no requirement that a particular law enforcement officer be named or a provision to the effect that an inconsistent spelling as to the law enforcement officer's name compels reversal.

## B. Evidence That A Law Enforcement Officer Had Reasonable Grounds To Believe Petitioner Had Committed An Implied-Consent Offense

As to the second requirement, Respondent identifies the following testimony at the administrative hearing: (1) that upon arrival, an officer saw "a truck that was totally destroyed" on "the right hand portion of the road between road and the ditch[;]" (2) that Petitioner was the only individual in the wrecked vehicle; (3) that Petitioner admitted "he had wrecked his truck[;]" (4) that Petitioner was dirty and bloody and had no shoes or shirt on; (5) there was a "strong odor of alcoholic beverage coming from his breath and person[;]" (6) Petitioner's eyes were red and glassy; and (7) Petitioner failed several field sobriety tests.

"[R]easonable grounds in a civil revocation hearing means probable cause, and is to be determined based on the same criteria." *Steinkrause*, 201 N.C. App. at 293, 689 S.E.2d at 381. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 293, 689 S.E.2d at 381-82 (alteration in original). "A determination of probable cause depends on the totality of the circumstances." *Id.* at 293, 689 S.E.2d at 381.

In *Steinkrause*, the petitioner was involved in a "severe one car accident," and there was an odor of alcohol about the

petitioner. *Id.* at 293, 689 S.E.2d at 382. This Court held that "the nature of [the] [p]etitioner's car accident and the smell of alcohol adequately support" the conclusion that the petitioner was arrested based on reasonable grounds. *Id.* at 295, 689 S.E.2d at 383.

The record in the present case contains more evidence than in *Steinkrause* to support the conclusion that reasonable grounds existed to charge Petitioner with an implied-consent offense. Again, as above, Petitioner's argument is based solely on the discrepancies between different pieces of evidence as to the spelling of a law enforcement officer's name. However, the statute requires only that <u>a</u> law enforcement officer have reasonable grounds to believe that the person had committed an implied-consent offense. N.C.G.S. § 20-16.2(d)(2). The record shows that a law enforcement officer had reasonable grounds to believe Petitioner had committed an implied-consent offense.

### C. Evidence That Petitioner Was Notified Of His Rights

As to the fourth requirement, Respondent points to evidence that a law enforcement officer read Petitioner his implied-consent rights and supplied him with a copy and that a "copy of the rights form was also included in the record." Discrepancies as to the spelling of a law enforcement officer's name have no

bearing on whether Petitioner was notified of his rights. The record shows that Petitioner was notified of his rights.

### D. Evidence That Petitioner Willfully Refused To Submit To A Chemical Analysis

As to the fifth requirement, Respondent highlights evidence in the form of testimony at the hearing that Petitioner refused to submit to a chemical analysis. The record shows that Petitioner did willfully refuse to submit to such an analysis. Petitioner does not argue to this Court that he did not willfully refuse to submit.

### III. Conclusion

In conclusion, Respondent has shown that evidence supports each of the applicable requirements set forth in N.C.G.S. § 20-16.2(d) for civil revocation of Petitioner's driver's license when Petitioner has willfully refused to submit to a chemical analysis. There is sufficient evidence in the record to support the findings of fact by the DMV relevant to N.C.G.S. § 20-16.2(d). Thus, the superior court erred in reversing the decision of the DMV. As a result, the superior court's order is reversed, and this case is remanded for further proceedings consistent with this opinion. Because of our holding on this issue, we need not address Respondent's remaining argument.

Reversed and remanded.

Judges STEELMAN and ERVIN concur.

Report per Rule 30(e).